IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TMT Logistics, Inc.,     Case No. 3:08CV1776

    Plaintiff

v.     Order

Zambelli US, LLC,

    Defendant

This is a suit between the purchaser, TMT Logistics, Inc. [TMT] and seller, Zambelli USA [Zambelli US] of a "wraparound case packer" packaging machine. Zambelli US, incorporated in Florida, is a subsidiary of the Italian manufacturer of the machine.

Plaintiff TMT, which previously had purchased a shrinkwrap machine from the defendant, saw the machine on display at a industry convention in Chicago. A TMT representative spoke with the president of the defendant's Italian parent company about its products.

During a subsequent visit by defendant's representatives at TMT's facility in Napoleon, Ohio, the parties discussed TMT's possible purchase of the machine it had seen on display. Zambelli US offered to sell the machine at a substantial discount due to the fact that the machine was already in the United States and had been a display model.

TMT and Zambelli US entered into a purchase agreement, whereby the machine would be shipped to Napoleon and TMT would pay the purchase price of $210,000 in three equal installments. TMT paid the first $70,000 installment after the machine arrived, but before it had been uncrated.

On uncrating the machine, TMT concluded that it would not fit its needs, because it did not have shrinkwrapping capability. Nonetheless, TMT paid the second $70,000 installment. After further discussions with Zambelli US and concluding that the machine would not meet its needs, TMT refused to pay the third installment.

Zambelli instituted suit for breach of contract in Bologna, Italy. Shortly thereafter, TMT brought this suit, in which it asserts, *inter alia*, claims for breach of contract, unjust enrichment, fraud and negligent misrepresentation.

The purchase order between TMT and Zambelli contained clause relating to forum selection and choice of law. The designated forum was Bologna; with Italian law to control the outcome of any disputes.

Pending is Zambelli US's motion to dismiss and enforce the forum selection clause. [Doc. 7]. For the reasons that follow, the motion shall be granted.

## Discussion

The Supreme Court has held that forum selection clauses are *prima facie* valid, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). It is

> incumbent on the party seeking to escape his [forum selection] contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

*Id*. at 19.

To determine whether a forum selection clause is valid and enforceable, a court considers: 1) the commercial nature of the contract, 2) the absence of fraud or overreaching, and 3) whether enforcement of the clause would be unjust or unreasonable. *E.g., Preferred Capital, Inc. v.*

*Associates in Urology*, 453 F.3d 718 721 (6th Cir. 2006) (citing *Bremen, supra,* 407 U.S. at 19). Inconvenience is not a basis for declining to enforce of forum selection clause. *Bremen, supra*, 407 U.S. at 16 (where parties to a "private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable.").

TMT claims that grave injustice would result to it from making it litigate in Italy because:

- it is incorporated and has its principal place of business in Ohio;

- Zambelli US, though a subsidiary of the Italian manufacturer of the machine at issue, is a Florida limited liability company with its principal place of business in that state;

- the principal events relating to formation of the contract and putative non-performance of the machine occurred in Napoleon, Ohio;

- the machine is presently in Napoleon

- witnesses and other sources of proof are located in either Ohio or Florida;

- most of the pertinent documents are to be found in either Ohio or Florida and are in English

- all witnesses speak English, but not all speak Italian

- the costs of litigation would be substantially greater for all parties were thjs dispute to be resolved in Italy, rather than Ohio.

Zambelli US contends that the Sixth Circuit's decision in *Interamerican Trade Corporation v. Companhia Fabricadora de Pecas*, 973 F.2d 487 (6th Cir. 1992), presents a factual picture remarkably similar to that depicted here. I agree.

In that case a Delaware corporation with a principal place of business in Ohio entered into a contract with a Brazilian manufacturing concern that had an Ohio subsidiary. The contract designated São Paulo, Brazil, as the forum for any litigation arising from the contract.

The Ohio company sued the Brazilian company and its Ohio subsidiary in Ohio. The district court upheld the Brazilian company's invocation of the forum selection clause. The Sixth Circuit affirmed.

As in this case, the only issue in *Interamerican* was whether enforcement of the forum selection clause would be manifestly unjust and unreasonable. *Id*. Like TMT in this case, the Ohio company in *Interamerican* argued that the foreign jurisdiction had no substantial relationship to the dispute; negotiations and the transaction occurred primarily in Ohio; documents related to the dealings and principal witnesses were in Ohio; parties to the transaction were located in the United States; and the item that was the subject of the disputed agreement was in Ohio. *Id.*[1]

In upholding the forum selection clause in *Interamerican*, the Sixth Circuit underscored the fact the impact of the clause was either known or reasonably foreseeable when the parties entered into the contract. *Id*. In this case, TMT points to nothing about the operation and effect of the forum selection clause that it either did not know or could not have anticipated when negotiating the purchase of the machine.

---

[1] A distinguishing feature of this case is that the parties to the contract are both American companies, whereas in *Interamerican* the Brazilian parent of an Ohio-based subsidiary was the contracting party. The game in that case, as in this case, was, however, essentially three-cornered. This was especially so in this case in view of the fact that TMT representatives originally met with Zambelli's Italian president in Chicago.

More importantly and to the point, TMT has not shown that it would be treated unfairly by the Italian court.

4

TMT, moreover, makes no representation that it will be treated unfairly if forced to litigate, as it agreed to do, in Italy. In *Interamerican* the Ohio corporation pointed to several attributes of Brazilian procedure that, according to it, put it at a disadvantage. The Sixth Circuit found none of these contentions persuasive. *Id*.

TMT has failed to allege, much less to meet its burden under *Bremen* of showing that Italian substantive or procedural law, or bias on the part of Italian courts, would impair its right to a fair trial. Given the complete lack of either allegations or evidence to that effect in this case, there is even less reason than there may have been in *Interamerican* to disregard the forum selection. TMT has failed to show that litigating in Bologna "will be so gravely difficult that [it] will for all practical purposes be deprived of [its] day in court." *Bremen, supra,* 407 U.S. at 18

Other Sixth Circuit cases further make clear that having to litigate overseas is not, without more, a basis for declining to enforce a forum selection clause. *See Bradaschia v. Cofap of America*, Inc., 238 F.3d 419 (6th Cir. 2000) (Unpublished disposition); *General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1995); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995).

Nor is the likelihood of greater expense a basis for overturning a forum selection clause that takes an American company into a foreign court. *See Global Link LLC v. Karamtech Co.,* 2007 WL 1343684, *3 (E.D.Mich. 2007) (upholding forum selection despite the fact that it would be "more expensive and cumbersome" for American party to litigate in Korea).

The parties, moreover, agreed that Italian law would apply.[2] Like the court in *Global Link*, I anticipate "greater opportunity for mistakes in the outcome," *id.,* if I had to apply Italian law, rather than allowing an Italian court to do so.

This was a conventional commercial agreement, and of a kind that is likely to become ever more commonplace as the world increasingly becomes one marketplace. Along with price, quantity and quality, businesses will be more and more often be negotiating how and where their disputes will be resolved and determining what law will apply. Where there is no evidence of either overreaching or fraud, American courts should refrain from refusing to enforce forum selection clauses simply because the domestic party decides *post hoc* that it would rather be at home. It should make that decision before, rather than after it signs its contracts.

When companies seek to repudiate such clauses, courts should, in any event, require a far more substantial showing of unfairness than has been alleged in this case. In view of the complete lack of evidence as to what TMT can, in fact, expect when it enters the Bolagnese courtroom, I have no way of discerning whether it will be worse off than it might be before an American jury in the Northern District of Ohio. Indeed, for all I know, it might find Italian adjudication to be quicker, cheaper and more certain and definitive that what's available here.

Whether that may in fact be so or not doesn't matter here. As the party renouncing the forum that it agreed to, TMT has the burden under *Bremen* of proving that forcing it to abide by its agreement would be manifestly unjust and unfair. It has not met that burden. [3]

---

[2] TMT's motion does not challenge this aspect of the forum selection clause.

[3] I agree with Zambelli US that I should base adjudication of its motion on whether, under settled doctrine, the forum selection clause is valid and thus enforceable, rather than on doctrines relating to a challenge on the basis of *forum non conveniens*.

## Conclusion

TMT has provided no basis on which to protect it from its agreement to litigate its dispute with Zambelli US in Italy. It is, accordingly,

ORDERED THAT defendant's motion to dismiss and enforce the forum selection clause in the parties' contract [Doc. 7] be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Chief Judge